## Columbus Land Company *v.* James A. McNally, Appellant.

*Affidavit of defense—Evasive affidavit—Corporation—Stock subscription.*
In an action of assumpsit upon a stock subscription, where the subscription paper shows the name of the defendant, the number of shares of stock subscribed and their money value, an affidavit of defense which admits the signature, but denies that the defendant filled out the number of shares is evasive, inasmuch as it does not deny that defendant wrote opposite his name the amount in the money column, thus indicating the par value of the stock for which he subscribed; and a rule for judgment in such case should be made absolute.

Argued Nov. 1, 1895. Appeal, No. 191, Oct. T., 1895, No. 615, by defendant, from order of C. P. No. 3, Allegheny County, May T., 1895, No. 615, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the paper upon which suit was brought was as follows:

"Whereas, it is proposed to organize a corporation under and by virtue of the laws of the State of Pennsylvania to be known as the Columbus Land Company, of Pittsburgh, the purpose of which shall be the purchase, holding, leasing and selling of real estate; the capital stock whereof is to be the sum of $50,000 divided into 1,000 shares of the par value of $50.00 per share and which shall have its principal place of business in the City of Pittsburgh, Allegheny County, Pennsylvania.

"Now, we, the undersigned, do hereby subscribe the amounts

set opposite our names to the capital stock of said corporation, and we hereby agree to pay the same at such times and in such sums as the Board of Directors of said proposed corporation shall determine, said payments to be made to the treasurer of said proposed corporation.

"Witness our hands the 9th day of March, 1893.

| Name. | No. of Shares. | Amount. |
|---|---|---|
| John Farrell | 20 | $1,000.00 |
| Wm. Loeffler | 20 | 1,000.00 |
| W. E. Howley | 20 | 1,000.00 |
| J. Ledlie Gloninger | 10 | 500.00 |
| Frank A. Hopper | 20 | 1,000.00 |
| T. J. Fitzpatrick | 2 | 100.00 |
| C. E. Flynn | 2 | 100.00 |
| J. H. Gloninger | 2 | 100.00 |
| H. F. McGrady | 10 | 500.00 |
| James A. McNally | 20 | 1,000.00 " |

Plaintiff's statement averred that numerous meetings of the proposed stockholders of said corporation were held in relation to the affairs thereof, of all of which the said James A. McNally had notice and some of which he attended, and that subsequently the said corporation was organized under the act of the general assembly known as the corporation act of 1874 and its supplements.

That James A. McNally, the above named defendant, agreed to subscribe and did subscribe for twenty shares of the capital stock of said corporation, the par value of each share being $50.00, and the amount of his subscription being the sum of $1,000.

Defendant's affidavit of defense was as follows :

It is not true that I agreed to subscribe and did subscribe for twenty (20) shares of the capital stock of the Columbus Land Company of the par value of fifty dollars ($50.00) a share.  It is true that I wrote my name to the paper dated March 9, 1893, of which a copy, I believe, is annexed to the affidavit of claim, but I did not fill out any number of shares in the company which I was willing to take.  I signed the paper without any examination of its contents, and with the understanding

that it was a paper to be used as a feeler to see how many persons were willing to go together and raise sufficient money to purchase, as I understood, a lot on Penn avenue, in the city of Pittsburg, for use as a club house for the Columbus Club. After I signed the paper it seems some person, without my knowledge or consent, has filled out the twenty (20) shares of stock for me, and subsequently, without my knowledge or consent, and some six (6) months after I had signed the paper, an application was made for a charter for a company having for its purpose the purchase and sale of real estate, and also the holding, leasing and selling of real estate. I was not consulted about the formation of the company, nor the purpose for which it was to be organized, and I gave no authority to any one for me to assent to the orginization of any such company with any such powers. I deny that I attended any of the meetings of the stockholders of the Columbus Land Company. As I believe, I did not receive any notices or any calls for payments to stock of the Columbus Land Company.

For several years prior to 1893 there had been efforts made by members of the Columbus Club in reference to the purchase of property for a club house, but as I always understood, the purchase was to be by the club itself, and was to be the property, which I thought to be peculiarly fitted for such a purpose, on Penn avenue. I never authorized the purchase of the present property on Sixth avenue, and I did not approve of the same, and I did not subscribe to any company to aid in the pur chase of such property, and, so far as I was concerned, I opposed the purchase of the Sixth avenue property.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*James A. Pierce, D. T. Watson* and *Johns McCleave* with him, for appellant.—Generally it is sufficient if the affidavit set forth facts showing a solid defense which can probably be established. It is not necessary that in such a paper he should meet, by an oath, every objection or argument against his case which fine critical skill may deduce. Liebersperger v. Reading Savings Bank, 30 Pa. 531 ; Hugg v. Scott, 6 Wharton, 277 ; Noble

v. Kreuzkamp, 111 Pa. 68; Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny Nat. Bank, 96 Pa. 135; Selden v. Neemes, 43 Pa. 421; Bronson v. Silverman, 77 Pa. 94; Moeck v. Littell, 82 Pa. 354; Roberts v. Austin, 5 Wharton, 325; Twitchell v. McMurtrie, 77 Pa. 383; Kountz v. Citizens Oil Refinery Co., 72 Pa. 392; Lawrence v. Smedley, 6 W. N. C. 42.

*A. V. D. Watterson, A. B. Reid,* with him, for appellee. The affidavit is insufficient and evasive: Lord v. Ocean Bank, 20 Pa. 384; Selden v. Neemes, 43 Pa. 421; Peck v. Jones, 70 Pa. 83.

PER CURIAM: November 8, 1895.

While the defendant admits that he " wrote " his name to the paper, a copy of which is annexed to the affidavit of claim, he says he did not fill out any number of shares in the company which he was willing to take; but he does not deny that he wrote, opposite his name in the money column, 1,000, indicating that the amount or par value of the stock for which he subscribed was $1,000. The affidavit of defense is evidently evasive, and the court below was clearly right in treating it as insufficient.

Judgment affirmed.